THE FIRST NAT. BANK OF CORNING v. VAN BROCKLIN.

VAN BROCKLIN v. THE FIRST NAT. BANK OF CORNING ET AL., INTERVENORS.

CONTRACT: EVIDENCE NOT ESTABLISHING.

*Appeal from Adams District Court.*

FRIDAY, JUNE 10, 1887.

*Maxwell & Dale,* for appellants.

*W. O. Mitchell,* for appellees.

*W. S. Heffling* and *H. T. Granger,* for intervenors.

SEEVERS, J.—G. W. Russell was indebted to the First National Bank of Corning, and, as collateral security therefor, he gave the bank several notes executed by other parties, among which was one executed by J. M. Van Brocklin, and in the action first named the bank sought to recover a judgment on said note. Russell was indebted to Clara Van Brocklin, and she brought the second action in equity, in which she claimed that Russell had agreed to give her the J. M. Van Brocklin note in part payment of his indebtedness to her, and that the bank had been fully paid by Russell, and therefore was not entitled to recover on the note. Russell was indebted to the intervenors, and they garnished the bank. The actions were consolidated and tried as an equitable action, and it is triable anew in this court. The court found and determined that the bank was entitled to recover on the note, and rendered judgment accordingly, and it was further adjudged that the proceeds of such judgment should be first applied to the payment of the indebtedness to the bank, and the balance to the intervenors. The material question to be determined is whether there was a valid agreement or contract entered into between Russell and Clara A. Van Brocklin, by the terms of which the latter was entitled to the note in controversy in part payment of the indebtedness from Russell to her; and our conclusion is, that such a contract has not been established.

Mrs. Van Brocklin admits that she did not personally make such a contract, but insists that she did so through her agent, J. M. Van Brocklin. At the time the contract is claimed to have been made, the note was in the hands of the bank, and belonged to it for the purpose for which it had been pledged. As we understand the evidence of Russell and Van Brocklin, the former informed the latter that the bank held the note, and for what purpose, and he stated that he would get it from the bank as soon as he could, and that, when he did so, he would give it to Clara Van Brocklin in part payment of his indebtedness to her. This is the contract relied on. Russell expected to give the bank other securities and notes, and thus obtain the note in controversy. But he never did so. It is obvious, it seems to us, that Russell could not make a valid contract in relation to the note without the consent or knowledge of the bank. Russell did not absolutely contract that Mrs. Van Brocklin should have the note. At most, the claimed contract amounts to a conditional oral assignment of the note, which condition never was performed.

We therefore are of the opinion that Mrs. Van Brocklin is not, upon her own showing, entitled to the relief asked. This conclusion is reached without considering the testimony of Amos Rash and wife, and other evidence to which objections are made, and therefore it is not necessary to determine whether such objections are well taken or not.

AFFIRMED.